IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GENE COGGINS,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )    CASE NO. 3:07-cv-1028-WKW-TFM
                                       )
JERRY THROWER and CITY                 )
of LANETT, *et al.*,                   )
                                       )
          Defendants.                  )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United

States Magistrate Judge for review and submission of a report with recommended findings

of fact and conclusions of law (Doc. #4, entered December 4, 2007).  By Order filed

December 21, 2007, the Court granted permission for Gene Coggins, a frequent *pro se*

litigant in this Court, to proceed *in forma pauperis*, but stayed further proceedings on his

Complaint pending review under 28 U.S.C. § 1915(e)(2)(B).[1]

## I.  BACKGROUND

On November 21, 2007, Plaintiff Gene Coggins ("Coggins") initiated this action by

filing a Complaint which named two defendants: the City of Lanett, Alabama ("the City") and

---

[1]The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if
the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a
claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is
immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Jerry Thrower ("Thrower"), an Inspector employed by the City. *See* Doc. #1. Coggins alleges

he, along with unnamed persons, was conducting a "yard sale in front of the Old Lanett Mill

parking lot" to benefit the Brides of Christ Mission, Inc.  A city inspector stopped the sale,

telling Coggins' group "the city only allowed two [sales] per year and he knew we have had

more than that." Doc. #1, at 4. Coggins states his group had an "open door license in the state

and a permit from city hall."  He claims the city's termination of the yard sale illegally

infringed upon the separation of church and state as guaranteed by the First Amendment to

the United States Constitution.  The Complaint requests the city be fined two hundred fifty

thousand dollars ($250,000.00), with a plea for the fine to multiply should the City engage in

"illegal delay."

In response to the Court's Order staying further proceedings pending review, Coggins

filed a "Reply . . . , With Motion for Default and Default Judgment" which disputes this

Court's authority to delay service of the Complaint upon Defendants, pending review under

28 U.S.C. § 1915(e)(2)(B). Coggins' motion further argues he is entitled to default judgment

against the Defendants due to their failure to answer his Complaint by December 21, 2007.

On January 2, 2008, Defendants filed a motion to dismiss Coggins' Complaint on various

grounds. *See* Doc. # 8. On January 4, 2008, Defendants filed a motion for the Court to moot

Coggins' motion for default judgment (Doc. # 7) as premature because the Court had not

ordered service of the Complaint.  (Doc. # # 8, 9).

## II.  DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). A two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*).

At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of

the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]  In ascertaining whether Coggins' Complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B), the Court follows the same standard as it would when determining whether to dismiss an action under Rule 12(b)(6) for failure to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003). The Court assumes the truth of all Coggins' allegations for purposes of this determination. *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006).

Here, Coggins  alleges a city employee's termination of a yard sale benefitting a religious institution violated the separation of church and state guaranteed under the First Amendment.[3]  Justice Hugo Black described the religious component of the First

---

[2]*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

[3]Neither party alleges nor denies the existence of an ordinance concerning the conduct of yard sales on public property within the City of Lanett. The Court notes a city official's general power to act within the scope of his employment inside the boundaries of the municipality. *See Lee v. Ferraro,* 284 F.3d 1188, 1196 n.4 (11th Cir. 2002), *citing City of Miami Beach v.*

Amendment as follows.

> The "establishment of religion" clause of the First Amendment means at
> least this: Neither a state nor the Federal Government can set up a church.
> Neither can pass laws which aid one religion, aid all religions, or prefer one
> religion over another. Neither can force nor influence a person to go to or to
> remain away from church against his will or force him to profess a belief or
> disbelief in any religion. No person can be punished for entertaining or
> professing religious beliefs or disbeliefs, for church attendance or non-
> attendance. No tax in any amount, large or small, can be levied to support
> any religious activities or institutions, whatever they may be called, or
> whatever from they may adopt to  teach or practice religion. Neither a state
> nor the Federal Government can, openly or secretly, participate in the
> affairs of any religious organizations or groups and vice versa. In the words
> of Jefferson, the clause against establishment of religion by law was
> intended to erect "a wall of separation between Church and State."

*Everson v. Board of Ed. of Ewing Tp.*, 330 U.S. 1, 15-16, 67 S.Ct. 504, 511 - 512 (1947).

Coggins must show the actions alleged in his Complaint violated the boundaries

described by Justice Black.  However, Coggins does not allege the City wrongfully

infringed upon his religious beliefs or mode of worship, or that its limits on yard sales

favored one religious group over another.  Nor does he allege the City was without

authority to either enact or enforce restrictions on yard sales conducted on public

property, even when such conduct was previously carried out for the benefit of a religious

institution.  As pled, the Complaint does not present a First Amendment case.

Comparable facts were before the Supreme Court in *Braunfeld v. Brown*, 366 U.S.

599, 81 S.Ct. 1144 (1961), where it upheld a Pennsylvania statute prohibiting the Sunday

---

*Valeriani*, 137 So. 2d 226, 227-28 (Fla. 1962).  Whether an enforceable ordinance existed or not,
the Complaint is reviewed for the sufficiency of a claim under the First Amendment.

sale of enumerated consumer goods.  The statute was challenged by Jewish merchants who were forbidden by their religion from working on Saturdays, and claimed economic hardship due to the statute's proscription of their business on Sunday.  The Court phrased the core protections of the First Amendment  thusly - "[C]ertain aspects of religious exercise cannot, in any way, be restricted or burdened by either federal or state legislation. . . . The freedom to hold religious beliefs and opinions is absolute." *Braunfeld*, 366 U.S. at 603, 81 S.Ct. at 1146.  The decision clarified the Amendment's scope by noting that "legislative power over mere opinion is forbidden but it may reach people's actions when they are found to be in violation of important social duties or subversive of good order. . . ."  *Id*.  The statute at issue in *Braunfeld* did not "make unlawful any religious practices," but "simply regulates a secular activity,"and was thus upheld as a permissible, indirect burden on the exercise of religion.  *Id*. at 605-06, 81 S.Ct. at 1147.

Essentially, Coggins' claim is akin to those in *Braunfeld* which challenged only the *result*, but not the substance, of an otherwise permissible law.  Coggins has not alleged the City's interference with his religious beliefs or worship.  Coggins does not challenge the City's authority to regulate yard sales - a secular activity - so the alleged impact on a religious institution was indirect and not violative of the First Amendment.  The Court finds the Complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)    The Complaint be **DISMISSED without prejudice** due to failure to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

(2)    The *Motion to Dismiss* (Doc. # 8) be **MOOTED** as to the City and Defendant

Thrower; and

(3)    All other pending motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this

*Recommendation* on or before **February 5, 2008.**  Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting.  Frivolous, conclusive or general objections will not be considered by the District

Court.  The parties are advised that this Recommendation is not a final order of the court and,

therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein

v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of

Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 23rd day of January, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE